**Robert J. TELEPAK and wife Geraldine Telepak, Appellants,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

No. 04–93–00803–CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1994.

Rehearing Denied Dec. 2, 1994.

Richard A. Bentley, Law Offices of Richard A. Bentley, San Antonio, for appellants.

Barry A. Chasnoff, Daniel McNeel Lane, Jr., Pamela G. Matthews, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for appellee.

Before PEEPLES, LOPEZ, and STONE, JJ.

LOPEZ, Justice.

■ This case was brought by the Telepaks [insured] under a homeowner's insurance policy against United Services Automobile Association [insurer] for failure to pay a claim. The question before us concerns whether the insured or the insurer has the burden of proof as to the applicability of an exception to an exclusion in an insurance policy. We hold that the applicability of an exception to an exclusion is a question of coverage, on which the insured has the burden of proof. The trial court's judgment is affirmed.

The insured brought a claim under an all-risk homeowner's insurance policy for damage to their home. It is undisputed that the damage was incurred by the settling of the foundation. In its answer, the insurer pled the affirmative defense that "exclusion k" of the insurance policy excluded from coverage damage resulting from settling or cracking of the foundation. The insured asserts that the settling was caused by water which leaked from an air conditioner and escaped under the foundation of their home. They assert that their loss fell under an exception to exclusion k, which stated that exclusion k would not apply to settling caused by acci-

dental leakage from an air conditioning system.[1] The jury charge read as follows:

> Do you find that the damage to the Telepaks' residence was caused by an accidental discharge, leakage or overflow of water from within an air conditioning system?

The jury answered "No." There was no jury question on whether the damage was caused by settling or cracking, as that issue was undisputed. Judgment was rendered for the insurer, and the insured brought this appeal. They assert in a sole point of error that the jury charge wrongly placed the burden of proof on the insured to negate the application of exclusion k.

It is well established in Texas that, to recover on an insurance policy, plaintiffs must prove their loss is covered by that policy. *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 945 (Tex.1988); *Love of God Holiness Temple Church v. Union Standard Ins. Co.*, 860 S.W.2d 179, 181 (Tex.App.— Texarkana 1993, no writ). "An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy." *Block*, 744 S.W.2d at 945 (citations omitted). Prior to September 1, 1991, an insurer claiming that the loss was excluded by the policy only needed to plead the applicability of the exclusion. Plaintiffs then had the burden to negate that exclusion. *Hardware Dealers Mutual Ins. Co. v. Berglund*, 393 S.W.2d 309, 311 (Tex.1965); *Travelers Indemnity Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex.1971). However, as of September 1, 1991, insurers are now required to both plead and prove the applicability of an exclusion. As article 21.58(b) of the insurance code states:

> In any suit to recover under a contract of insurance, the insurer has the burden of proof as to any avoidance or affirmative defense that must be affirmatively pleaded under the Texas Rules of Civil Procedure. Any language of exclusion in the policy and any exception to coverage claimed by the insurer constitutes an avoidance or an affirmative defense.

TEX.INS.CODE ANN. art. 21.58(b) (Vernon Supp.1994). The effect of article 21.58(b) on cases involving a loss alleged to fall within an exception to an exclusion is an issue of first impression in Texas.

Neither party contends that article 21.58(b) or the insurance policy is ambiguous. Nor do we find that the statute requires judicial construction. The statute must therefore be enforced according to its express language. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983). The statute requires insurers to sustain the burden of proof as to "any language of exclusion in the policy" and "any exception to coverage." TEX.INS.CODE ANN. art. 21.58(b). An exception to an exclusion is not "language of exclusion" or an "exception to coverage." An exception to an exclusion creates coverage rather than excluding it or limiting it. *Cf. National Fire Ins. Co. v. Valero Energy Corp.*, 777 S.W.2d 501, 506 (Tex.App.—Corpus Christi 1989, writ denied). The statute does not go further to include negation of exceptions to exclusions as an element of the avoidance or affirmative defense of an exclusion from coverage. We hold that the question whether an exception to a proven exclusion is applicable is a coverage issue. It goes to the ultimate liability of the insurer under the policy. In the instant case, because the undisputed facts demonstrated the applicability of exclusion k to coverage, it was incum-

---

1. The relevant language of the policy is as follows:

    **PERILS INSURED AGAINST**
    Property as described and limited under Coverage A is insured against: ALL RISKS OF PHYSICAL LOSS except as otherwise excluded.

    . . . . .

    EXCLUSIONS ... This insurance does not cover:

    . . . . .

    k. Loss under Coverage A caused by settling, cracking, bulging, shrinkage, or expansion of foundation, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls, or swimming pools.
    The foregoing Exclusions a, b, c, f, h, i, j and k shall not apply to Accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or air conditioning system or a domestic appliance (including necessary tearing out and replacing any part of the building covered).
    The property insured under "Coverage A" includes the plaintiffs' dwelling, which is the property at issue in this lawsuit.

bent upon the insured to demonstrate the existence of facts supporting the air conditioner exception to the exclusion. In other words, it was incumbent upon the insured to prove that his loss was in fact covered by the policy.

■ The contested charge to the jury correctly placed the burden of proof on the insured to demonstrate, by a preponderance of the evidence, the existence of facts supporting the air conditioner exception to exclusion k. Accordingly, there was no error. The insured's sole point of error is overruled. The judgment is affirmed.