Opinion filed June 23,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00225-CV

                                                    __________

 

      FARMERS MUTUAL
PROTECTIVE ASSOCIATION OF TEXAS,

                                                      Appellant

 

                                                             V.

 

               ROBERT
ROONEY AND JANINE ROONEY, Appellees



 

                                   On
Appeal from the 18th District Court

 

                                                           Johnson
County, Texas

 

                                                Trial
Court Cause No. C200600664

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Robert
Rooney and Janine Rooney sued Nicolas Scott Johnston d/b/a AllTex Roofing &
Construction (their roofing contractor) and Farmers Mutual Protective
Association of Texas (their homeowners’ insurance provider) after rain entered
through the roof of the Rooneys’ house and caused extensive damage inside the
house.  Farmers denied coverage.  At trial, the issues before the jury related
to whether the loss was a covered loss under the terms of the insurance
policy.  The jury found that coverage existed because the “direct force of wind
or hail made an opening in the [Rooneys’] roof through which rain entered” and
that the amount of damages sustained was $55,000.  The trial court entered
judgment against Farmers on the jury verdict, added prejudgment interest, and
awarded attorney’s fees of $17,500.  Farmers appeals.[1] 
We reverse and render.

            Farmers
presents two issues for review.  We do not reach the second issue, in which
Farmers challenges the admission of certain testimony presented by the Rooneys’
expert witness, because the first issue is dispositive of the appeal.  See
Tex. R. App. P. 47.1.  In the
first issue, Farmers asserts that there was no evidence that that the Rooneys’ loss
was covered by the terms of the insurance policy.  The Rooneys’ home and
contents were covered by Farmers’ Star Policy.  The policy provided coverage
for loss caused by windstorm, hurricane, and hail unless otherwise excluded. 
The policy specifically excluded “loss caused by windstorm, hurricane or hail
to:  . . . (4) the interior of a covered building or to personal property
contained in a covered building unless direct force of wind or hail makes an
opening in a roof or wall and rain enters through this opening and causes
the damage” (emphasis added).

Under
Texas law, the insured bears the initial burden of showing that there is
coverage, while the insurer bears the burden of proving the applicability of
any exclusions in the policy.  Tex. Ins. Code Ann. § 554.002 (Vernon
2009).  Once the insurer has proven that an exclusion applies, the burden
shifts back to the insured to show that the claim falls within an exception to
the exclusion.  Venture Encoding Serv., Inc. v. Atlantic Mut. Ins. Co.,
107 S.W.3d 729, 733 (Tex. App.—Fort Worth 2003, pet. denied); Telepak v.
United Servs. Auto. Ass’n, 887 S.W.2d 506, 507-08 (Tex. App.—San Antonio
1994, writ denied).  It was undisputed in this case that the Rooneys’ home was
covered by the policy and that the loss was caused by rain entering the
interior of their home through the roof.  What was disputed was whether the
direct force of wind made an opening in the roof through which the rain
entered.  As the disputed issue involved an exception to the exclusion, the
Rooneys had the burden of proof.  

Consequently,
to address Farmers’ no-evidence challenge, we must consider only the evidence
and inferences that tend to support the finding, disregarding any evidence or
inferences to the contrary.  Sw. Key Program, Inc. v. Gil-Perez, 81
S.W.3d 269, 274 (Tex. 2002); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965); see Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997).  We may sustain a no-evidence challenge only if one of the
following circumstances exists:  (1) the record discloses a complete absence of
evidence of a vital fact, (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact,
(3) the only evidence offered to prove a vital fact is no more than a mere scintilla,
or (4) the evidence conclusively establishes the opposite of the vital fact.  Merrell
Dow, 953 S.W.2d at 711.  We must examine the record for probative evidence
that supports the jury’s finding, while giving credit to all favorable evidence
that reasonable jurors could believe and ignoring all evidence to the contrary
unless reasonable jurors could not.  City of Keller v. Wilson, 168
S.W.3d 802, 807, 827, 830 (Tex. 2005).

The
record shows that a hailstorm damaged the Rooneys’ roof in April 2005.  Farmers
paid that claim, which amounted to $2,364.09, but the Rooneys delayed repairs.  In
October 2006, the Rooneys hired AllTex to replace their roof.  AllTex began
work on October 9 but was not able to finish the project because AllTex ran out
of shingles.  Janine Rooney was upset because “it was supposed to rain.”  She testified
that AllTex left one section of the roof covered with felt and plywood.  Janine
testified that the section was covered with felt up to a point but that “naked
plywood” was exposed above that point up to the ridge of the roof.  Robert
Rooney also testified that AllTex left part of the roof uncovered and part of
the roof covered with felt. Robert agreed that naked plywood was located at the
ridge of the roof.  A storm came through on the morning of October 10, and rain
came pouring into the Rooneys’ house.  Robert testified that there was a line
in the ceiling where water was leaking and that the rain was coming from where
the plywood was and from underneath the felt.  Farmers’ field adjuster went to
the Rooneys’ house on October 11, but he was not able to see any opening in the
roof because AllTex had completed the roof on October 10 after the storm.  Janine
testified that “it rained and it was windy.”  However, she stated that she
could not testify that the opening was caused by wind or hail because she did
not know.

Although
there is no question that the Rooneys suffered extensive damages when rain
entered their house through an opening in the roof, Farmers is not liable for
the Rooneys’ loss under the terms of the policy unless wind or hail made the
opening in the roof through which the rain entered.  After reviewing the record
and looking for probative evidence that supports the jury’s finding, we are
constrained to hold that there is no evidence that the direct force of wind or
hail made an opening in the Rooneys’ roof.  Therefore, we must sustain Farmers’
first issue and render judgment in favor of Farmers.  See AutoZone, Inc. v.
Reyes, 272 S.W.3d 588, 595 (Tex. 2008). 

            The
judgment of the trial court is reversed, and we render judgment that Robert and
Janine Rooney take nothing on their claim against Farmers Mutual Protective
Association of Texas. 

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

June 23, 2011

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









[1]We
note that the contractor, Nicolas Scott Johnston d/b/a AllTex Roofing &
Construction, is not a party to this appeal and did not participate in the
trial on the merits.  We also note that the judgment, which was entered after a
conventional trial on the merits, is presumed to be final and to dispose of all
parties.  N.E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897-98
(Tex. 1966).

 





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.