**Opinion filed June 23, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00225-CV

_____

## FARMERS MUTUAL PROTECTIVE ASSOCIATION OF TEXAS, Appellant

## V.

## ROBERT ROONEY AND JANINE ROONEY, Appellees

**On Appeal from the 18th District Court**

**Johnson County, Texas**

**Trial Court Cause No. C200600664**

### M E M O R A N D U M   O P I N I O N

Robert Rooney and Janine Rooney sued Nicolas Scott Johnston d/b/a AllTex Roofing & Construction (their roofing contractor) and Farmers Mutual Protective Association of Texas (their homeowners' insurance provider) after rain entered through the roof of the Rooneys' house and caused extensive damage inside the house. Farmers denied coverage. At trial, the issues before the jury related to whether the loss was a covered loss under the terms of the insurance policy. The jury found that coverage existed because the "direct force of wind or hail made an opening in the [Rooneys'] roof through which rain entered" and that the amount of damages

sustained was $55,000. The trial court entered judgment against Farmers on the jury verdict, added prejudgment interest, and awarded attorney's fees of $17,500. Farmers appeals.[1] We reverse and render.

Farmers presents two issues for review. We do not reach the second issue, in which Farmers challenges the admission of certain testimony presented by the Rooneys' expert witness, because the first issue is dispositive of the appeal. *See* TEX. R. APP. P. 47.1. In the first issue, Farmers asserts that there was no evidence that that the Rooneys' loss was covered by the terms of the insurance policy. The Rooneys' home and contents were covered by Farmers' Star Policy. The policy provided coverage for loss caused by windstorm, hurricane, and hail unless otherwise excluded. The policy specifically excluded "loss caused by windstorm, hurricane or hail to: . . . (4) the interior of a covered building or to personal property contained in a covered building *unless direct force of wind or hail makes an opening* in a roof or wall and rain enters through this opening and causes the damage" (emphasis added).

Under Texas law, the insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy. TEX. INS. CODE ANN. § 554.002 (Vernon 2009). Once the insurer has proven that an exclusion applies, the burden shifts back to the insured to show that the claim falls within an exception to the exclusion. *Venture Encoding Serv., Inc. v. Atlantic Mut. Ins. Co.*, 107 S.W.3d 729, 733 (Tex. App.—Fort Worth 2003, pet. denied); *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507-08 (Tex. App.—San Antonio 1994, writ denied). It was undisputed in this case that the Rooneys' home was covered by the policy and that the loss was caused by rain entering the interior of their home through the roof. What was disputed was whether the direct force of wind made an opening in the roof through which the rain entered. As the disputed issue involved an exception to the exclusion, the Rooneys had the burden of proof.

Consequently, to address Farmers' no-evidence challenge, we must consider only the evidence and inferences that tend to support the finding, disregarding any evidence or inferences to the contrary. *Sw. Key Program, Inc. v. Gil-Perez*, 81 S.W.3d 269, 274 (Tex. 2002); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *see Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d

---

[1]We note that the contractor, Nicolas Scott Johnston d/b/a AllTex Roofing & Construction, is not a party to this appeal and did not participate in the trial on the merits. We also note that the judgment, which was entered after a conventional trial on the merits, is presumed to be final and to dispose of all parties. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897-98 (Tex. 1966).

2

706, 711 (Tex. 1997). We may sustain a no-evidence challenge only if one of the following circumstances exists: (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow*, 953 S.W.2d at 711. We must examine the record for probative evidence that supports the jury's finding, while giving credit to all favorable evidence that reasonable jurors could believe and ignoring all evidence to the contrary unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827, 830 (Tex. 2005).

The record shows that a hailstorm damaged the Rooneys' roof in April 2005. Farmers paid that claim, which amounted to $2,364.09, but the Rooneys delayed repairs. In October 2006, the Rooneys hired AllTex to replace their roof. AllTex began work on October 9 but was not able to finish the project because AllTex ran out of shingles. Janine Rooney was upset because "it was supposed to rain." She testified that AllTex left one section of the roof covered with felt and plywood. Janine testified that the section was covered with felt up to a point but that "naked plywood" was exposed above that point up to the ridge of the roof. Robert Rooney also testified that AllTex left part of the roof uncovered and part of the roof covered with felt. Robert agreed that naked plywood was located at the ridge of the roof. A storm came through on the morning of October 10, and rain came pouring into the Rooneys' house. Robert testified that there was a line in the ceiling where water was leaking and that the rain was coming from where the plywood was and from underneath the felt. Farmers' field adjuster went to the Rooneys' house on October 11, but he was not able to see any opening in the roof because AllTex had completed the roof on October 10 after the storm. Janine testified that "it rained and it was windy." However, she stated that she could not testify that the opening was caused by wind or hail because she did not know.

Although there is no question that the Rooneys suffered extensive damages when rain entered their house through an opening in the roof, Farmers is not liable for the Rooneys' loss under the terms of the policy unless wind or hail made the opening in the roof through which the rain entered. After reviewing the record and looking for probative evidence that supports the jury's finding, we are constrained to hold that there is no evidence that the direct force of wind or hail made an opening in the Rooneys' roof. Therefore, we must sustain Farmers' first issue and

3

render judgment in favor of Farmers. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 595 (Tex. 2008).

The judgment of the trial court is reversed, and we render judgment that Robert and Janine Rooney take nothing on their claim against Farmers Mutual Protective Association of Texas.

JIM R. WRIGHT

CHIEF JUSTICE

June 23, 2011

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.