NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
Petitioner,

v.

MERCHANTS FAST MOTOR LINES, INC., Merchants of Texas, Inc., Merchants Truckload Company, Inc., and Gordon D. Hart, Respondents.

No. 96–0633.

Supreme Court of Texas.

Feb. 21, 1997.

Susan L. Abbott–Schwartz, Dana Shelhimer, Dallas, for Petitioner.

Malcolm Schulz, Abilene, Arlen D. Bynum, Dallas, for Respondents.

## OPINION

PER CURIAM

This is a declaratory judgment action. The issue is whether a truck driver's allegedly negligent discharge of a gun, killing a

passenger in another vehicle, triggers a duty to defend under the truck owner's vehicle liability policy. The trial court rendered summary judgment holding the insurer had no duty to defend. The court of appeals reversed. We reverse the judgment of the court of appeals and render judgment for the insurer.

The underlying pleadings allege that while operating a Merchants Fast Motor Lines truck, Gordon D. Hart "negligently discharged a firearm and caused a bullet to strike" Casimiro Gonzalez, who was a passenger in a van traveling alongside Hart's truck. Gonzalez later died from the gunshot wound. These are the only facts about the shooting in the pleadings. Gonzalez's parents and children brought a wrongful death action, alleging that Hart was negligent in handling a firearm. They also alleged that Merchants was negligent in hiring Hart and in failing to provide proper supervision of its driver. Merchants and Hart requested that National Union defend them in the underlying suit under either a commercial general liability policy or a truckers policy that National Union issued. National Union disputed its duty to defend Hart under the CGL policy in both its declaratory judgment action and on appeal. However, in a single point of error to this Court, National Union complains only that the court of appeals erred in reversing the summary judgment on its duty to defend Merchants and Hart under the truckers policy.

National Union's truckers policy provides: We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

Although the court of appeals cautioned that a fully developed record was necessary to determine whether coverage exists, it held that plaintiffs' allegations stated a cause of action potentially covered by the policy. We disagree.

 If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured. *American Physicians Ins.*

*Exch. v. Garcia,* 876 S.W.2d 842, 848 (Tex. 1994); *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex. 1982). An insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22, 26 (Tex.1965); *American Physicians,* 876 S.W.2d at 847–48; *Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633, 636 (Tex.1973). This is sometimes referred to as the "eight corners" rule. *See Cluett v. Medical Protective Co.,* 829 S.W.2d 822, 829 (Tex.App.—Dallas 1992, writ denied).

 When applying the eight corners rule, we give the allegations in the petition a liberal interpretation. As this Court has explained:

> Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor.

*Heyden,* 387 S.W.2d at 26 (citing 50 A.L.R.2D 458, 504). However, as the court of appeals stated, "[i]n reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." 919 S.W.2d at 905. *See also Adamo v. State Farm Lloyds Co.,* 853 S.W.2d 673, 676 (Tex.App.—Houston [14th Dist.] 1993, writ denied) ("It is not the cause of action alleged that determines coverage but the *facts* giving rise to the alleged actionable conduct") (emphasis in original).

 The only facts alleged in the underlying case are that Hart was operating a Merchants truck when he negligently discharged a firearm injuring Gonzalez. Given their most liberal interpretation, these allegations do not suggest that Gonzalez's injury result-

ed from the use of the truck. The allegation that Hart "was operating the tractor-trailer" is enough to allege "use of a covered auto." *See State Farm Mut. Auto. Ins. Co. v. Pan Am. Ins. Co.*, 437 S.W.2d 542, 545 (Tex.1969) ("The term 'use' is the general catchall of the insuring clause, designed and construed to include all proper uses of the vehicle not falling within other terms of definition such as ownership and maintenance.").

■ However, the pleadings do not allege that Gonzalez's injury was "caused by an accident *resulting from* the . . . use of a covered auto." The court of appeals correctly stated that a causal relation between the injury and the use of the auto is essential to recovery. 919 S.W.2d at 906. *See also* Larry D. Scheafer, Annotation, *Automobile Liability Insurance: What Are Accidents or Injuries "Arising Out of Ownership, Maintenance, or Use" of Insured Vehicle*, 15 A.L.R.4TH 10, 17 (1982) ("The cases agree that a causal relation or connection must exist between an accident or injury and the ownership, maintenance, or use of a vehicle in order for the accident or injury to come within the meaning of the clause 'arising out of the ownership, maintenance, or use'[1] of a vehicle, and where such causal connection or relation is absent, coverage will be denied."). But, the mere fact that an automobile is the situs of the accident is not enough to establish the necessary nexus between the use and the accident to warrant the conclusion that the accident resulted from such use. 7 AM. JUR.2D *Automobile Insurance* § 194, at 704 (1980).

■ Because the facts alleged in the pleadings do not suggest even a remote causal relationship between the truck's operation and Gonzalez's injury, they do not create that degree of doubt which compels resolution of the issue for the insured. *See Heyden*, 387 S.W.2d at 26. Although the pleadings allege that Hart *negligently* discharged the firearm, we must focus our review on the pleading's factual allegations, not on the legal theories asserted. *Merchants*, 919 S.W.2d at 905; *Clemons v. State Farm Fire & Cas. Co.*, 879 S.W.2d 385, 392 (Tex.App.—Houston [14th

Dist.] 1994, no writ). *Adamo*, 853 S.W.2d at 676. We will not read facts into the pleadings. *See Clemons*, 879 S.W.2d at 393 ("Simplistically stated, to implicate the policy provision concerning damages for bodily injury or property and thereby the duty to defend, the petition must allege bodily injury or property damage. Here, it does not, and we cannot judicially read these elements of damage into the petition."). Nor will we look outside the pleadings, or imagine factual scenarios which might trigger coverage. *See Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied) ("In Texas, an insurer's contractual duty to defend must be determined solely from the face of the pleadings, without reference to any facts outside the pleadings.").

Because we hold the pleadings do not allege that Gonzalez's injuries resulted from the use of a covered auto, we need not consider whether the derivative claims against Merchants of negligent hiring and negligent supervision trigger coverage.

Accordingly, the Court grants National Union's application for writ of error, and under Texas Rule of Appellate Procedure 170, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for National Union.

---

**1.** We express no opinion about whether "resulting from" the use of a covered auto requires a higher degree of causation than "arising out of" the use of a covered auto.