TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00456-CV






Mark Burroughs, Kenneth Burroughs, Indemnity Casualty and Property Limited


and Insurance General Management Company, Appellants



v.



James and Cynthia Gallagher, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-05080, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 







 This suit arises from James and Cynthia Gallagher's assertion that Indemnity
Casualty and Property Limited ("ICP") had a duty to defend them in a lawsuit, and that its refusal
to do so damaged them. (1) The trial court found that ICP had a duty to defend the Gallaghers, that
ICP lacked authority to practice insurance, and that appellants owed the Gallaghers additional
damages. ICP; its management company, Insurance General Management Company ("General");
and their officers, Mark Burroughs and Kenneth Burroughs, appeal the adverse ruling. We will
affirm the judgment.


BACKGROUND


 The Gallaghers contend ICP failed to perform its duty to defend them from a
lawsuit filed against Professional Restaurant Investment Management Enterprises, Inc.
("P.R.I.M.E."), a corporation for which they worked and which they partly owned. The
P.R.I.M.E.-run restaurant at which they worked was known as the Lighthouse on Lake Travis.

 ICP issued a general liability policy covering various corporate entities, including
Prime Restaurant Management Enterprises, Inc. dba The Lighthouse on Lake Travis, Briarcliff
Marina, Inc.; Briarcove Investment Group, Inc.; and Briarcliff Boat Rental Company. The
Lighthouse Restaurant was located at Briar Cliff Marina. (2) Mark Burroughs was president of ICP
when it issued the policy. He was also then president of General, the management company that
handled ICP's business affairs. Ken Burroughs was chairman of ICP's board of directors and vice
president of General.

 The Gallaghers believe ICP should have defended them from suit by Stephanie C.,
a waitress at the Lighthouse Restaurant, who alleged that she was sexually assaulted by Matthew
Kyle, a patron of the Lighthouse Restaurant and manager of boat rentals at Briar Cliff Marina. 
She sued Kyle for a variety of causes of action including assault and libel stemming from his
attack and subsequent statements about it. She sued the Gallaghers and their company for
premises liability on negligence and gross negligence theories; in her third amended petition, she
added an allegation that the Gallaghers were vicariously liable for her injuries caused by the
condition of the business premises.

 ICP initially provided the Gallaghers a defense, subject to further investigation. 
Mark Burroughs, writing on General letterhead, later fired the Gallaghers' ICP-hired attorneys;
though he stated he intended to hire other counsel, he never did. In his letter, Mark Burroughs
also noted that the Gallaghers were personally represented by attorneys from their homeowners'
insurer. A few months later, Mark Burroughs wrote on General letterhead to inform the
Gallaghers that ICP was withdrawing its defense because they were sued individually and not in
any corporate capacity; he stated that in any event ICP might have no suit against which to defend
because the Gallaghers' corporation had filed for bankruptcy, which might prevent it from being
sued.

 The Gallaghers sued ICP for breach of contract, breach of the duty of good faith
and fair dealing, and deceptive trade practices. As damages, they sought the attorney's fees
incurred in assuming their defense. After a nonjury trial, the trial court made several findings of
fact, including the following:


1. On March 27, 1989, Defendant Indemnity Casualty and Property Limited had
in full force [and] effect a commercial general liability policy number GLAU
10176.


2. Indemnity Casualty and Property Limited owed a duty to defend James and
Cynthia Gallagher in cause number 494,848, Stephanie C. v. Matthew Kyle,
et al. in the 331st District court of Travis County, Texas, under the terms of
the above-referenced policy.

 

* * *



7. Indemnity Casualty and Property Limited engaged in the business of
unauthorized insurance.


8. Kenneth Burroughs, Mark Burroughs, and Insurance General Management
Corporation assisted and aided directly and indirectly in the procurement of
unauthorized insurance.



The trial court awarded the Gallaghers $77,170 in actual damages (plus interest), $154,340 in
additional damages, and attorney's fees.


DISCUSSION


 The appellants assert four points of error. By the first point, they challenge the
trial court's finding that ICP had a duty to defend the Gallaghers. By the second point, they
challenge the court's findings related to ICP's authorization to practice insurance and the role the
Burroughses played in procuring those allegedly unauthorized services. They contend by the third
and fourth points of error that they are not subject to additional damages because the Texas
Insurance Code does not authorize such damages and because the Gallaghers are not consumers.

 An insurer's duty to defend is determined by the allegations in the pleadings and
the language of the insurance policy. National Union Fire Ins. Co. v. Merchants Fast Motor
Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997); Heyden Newport Chem. Corp. v. Southern Gen.
Ins. Co., 387 S.W.2d 22, 26 (Tex. 1965). This is sometimes referred to as the "eight corners"
rule. See National Union, 939 S.W.2d at 141. When applying the eight corners rule, we must
give the allegations in the petition a liberal interpretation. Id. As the supreme court has
explained:


Where the complaint does not state facts sufficient to clearly bring the case within
or without the coverage, the general rule is that the insurer is obligated to defend
if there is, potentially, a case under the complaint within the coverage of the
policy. Stated differently, in case of doubt as to whether or not the allegations of
a complaint against the insured state a cause of action within the coverage of a
liability policy sufficient to compel the insurer to defend the action, such doubt will
be resolved in insured's favor.



Id. (quoting Heyden, 387 S.W.2d at 26). The duty to defend is not affected by facts ascertained
before suit, developed in the process of the litigation, or by the ultimate outcome of the suit. See
Texas Property & Cas. Ins. Guar. Ass'n v. Southwest Aggregates, Inc., 982 S.W.2d 600, 604
(Tex. App.--Austin 1998, no pet.).

 Comparison of the insurance policy and the petition reveals some discrepancies
between them. Stephanie C. did not name "Prime Restaurant Management Enterprises, Inc. dba
The Lighthouse on Lake Travis," the insured listed in the insurance policy, as a defendant in any
of her petitions. (3) The style of the case and opening paragraph of the second amended petition list
doing business as Lighthouse Restaurant and Marina and/or Prime Restaurant, Incorporated." 
The jurisdiction section lists "James Gallagher, Cynthia Gallagher, doing business as Briar Cove
Marina and/or the Lighthouse Restaurant and Marina and/or Prime, Incorporated." The
negligence section includes in its list "James Gallagher, Cynthia Gallagher, Prime Incorporated"
and others, but contains no "d/b/a" designations; the gross negligence section refers to "the
Gallagher defendants" and "the managers of the Lighthouse Restaurant." The third amended
petition, the live pleading before the trial court, is similar to the second, but does not name the
parties in the opening paragraph; it adds a vicarious liability section which names "the Gallaghers,
directly and indirectly through their alter-ego P.R.I.M.E., Inc. or Prime, Inc. d/b/a or a/k/a
Lighthouse Restaurant and Marina." The policy states that it covers the executive officers,
directors, and stockholders of corporations, as well as employees acting in the scope of their
employment who are not being sued for inflicting bodily injury.

 The appellants rely in part on evidence outside the eight corners to substantiate their
position. Burroughs testified that he believed ICP did not owe the Gallaghers a defense because
they were served in their individual capacity and not in a corporate capacity. That assertion is not
evident from the petitions, but apparently is based on the return of service cards, which are not
even in evidence. The appellants introduced a certificate from the Texas Secretary of State stating
that no entity under the name "Prime Restaurant Management Enterprises, Inc." had registered
with that office; the appellants argue that their duty to defend did not extend to parties not named
in the insurance policy. The Gallaghers counter with the appellants' initial reservation of rights
letter which recognized a duty under the policy to provide a defense to "Professional Restaurant
Investment Managements Enterprises, Inc. d/b/a The Lighthouse on Lake Travis." (Italics added.) 
These arguments by both sides rely on evidence and information outside the eight corners; we
accordingly must ignore them. See National Union, 939 S.W.2d at 141; Heyden, 387 S.W.2d at
26.

 We conclude that the appellants should have provided a defense to the Gallaghers. 
Even though the precise party name in the policy was not exactly the same as the name in the
petition, the test is whether "there is, potentially, a case under the complaint within the coverage
of the policy." See National Union, 939 S.W.2d at 141. We conclude that the many variations
of the corporate name alleged in the petitions have enough in common with the named insured to
create the possibility that Stephanie C. might state a complaint within the policy's coverage; that
is particularly true because the other entities insured under the endorsement were also named in
the suit. Also, several references in the petition to the Gallaghers "doing business as" Prime or
the Lighthouse indicate that claims could be made against the entity named in the policy, which
was listed in the endorsement as "dba the Lighthouse on Lake Travis"--thus indicating that
Stephanie C. could have claims against the Gallaghers in a capacity that invoked the duty to
defend. We overrule point of error one.

 By point of error three, the appellants contend that "[t]he trial court erred in its
finding that Mark Burroughs, Kenneth Burroughs, ICP and [General] are subject to any additional
damages because article 1.14 [section] 8 does not provide for additional damages." Insurance
Code article 21.21, however, authorizes additional damages for knowing commission of unfair
or deceptive acts or practices in the business of insurance. Tex. Ins. Code Ann. art. 21-21,
§ 16(b)(1) (West Supp. 1999). The trial court expressly stated in its judgment that "Defendants
breached the insurance contract and knowingly violated article 21.21 of The Texas Insurance
Code." Because additional damages are authorized on the basis of Insurance Code article 21.21,
the appellants' objection based on Insurance Code article 1.14-1 does not require the reversal of
that award. We overrule point three.

 By point of error four, the appellants contend that the court erred by awarding
additional damages because no evidence showed that the Gallaghers were consumers. The statute
creating the right of recovery for false, misleading, or deceptive acts or practices in the business
of insurance does not require that the plaintiff be a consumer. See Tex. Ins. Code Ann. art. 21.21
(West Supp. 1999); Aetna Casualty & Sur. Co. v. Marshall, 724 S.W.2d 770, 772 (Tex. 1987). 
We overrule point four.

 By point of error two, the appellants contend there was no evidence showing that
ICP lacked authority to engage in the business of insurance when it sold the policy. The
appellants complain that there was accordingly no evidence that either Burroughs aided the
procurement of unauthorized insurance by selling ICP policies. We need not address these
complaints because we have found the award of damages, additional damages, and attorney's fees
stands on the complaint under Insurance Code article 21.21. See Tex. R. App. P. 47.1.


CONCLUSION


 We conclude that the evidence supported the trial court's conclusion that ICP had
in full force a policy that obligated it to defend the Gallaghers from Stephanie C.'s lawsuit. 
Because none of the assigned errors requires reversal, we affirm the judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: September 10, 1999

Do Not Publish

1. The Gallaghers' first amended complaint has a note to the court that the homeowners'
insurer, Northern Insurance Company of New York, is subrogated to the Gallaghers' rights, that
Northern obtained a partial assignment of the Gallaghers' rights to pursue the Gallaghers' claims,
and that Northern is prosecuting this suit in the name of the Gallaghers pursuant to the terms of
both the homeowners' insurance policy and the assignment. (Apparently, the Gallaghers' policy
has passed through several companies. The original policy indicates it was sold by American
General Companies. Maryland Casualty Company provided the defense, and Northern pursued
this suit.) We will adhere to the style of the case and refer to appellees as the Gallaghers.
2. The discrepancies in the spellings and wordings of "Professional Restaurant Investment
Management Enterprises" and "Prime Restaurant Management Enterprises," and "Briar Cliff"
and "Briarcliff," are discrepancies between the insurance policy and the pleadings.
3. There was some dispute over which version of the petition was relevant. Burroughs claimed
he saw only the second amended petition. Burroughs fired Davis & Wilkerson, the firm hired to
represent the Gallaghers, on October 10, 1992. He represented that he would obtain other counsel
and have that new counsel obtain the file from Davis & Wilkerson. He still had not hired new
counsel when Davis & Wilkerson withdrew from the case on December 18, 1992. The third
amended petition nevertheless was served on Davis & Wilkerson on December 30, 1992. Not
until January 29, 1993 did Burroughs inform the Gallaghers that ICP/General was withdrawing
their defense.


named in
the suit. Also, several references in the petition to the Gallaghers "doing business as" Prime or
the Lighthouse indicate that claims could be made against the entity named in the policy, which
was listed in the endorsement as "dba the Lighthouse on Lake Travis"--thus indicating that
Stephanie C. could have claims against the Gallaghers in a capacity that invoked the duty to
defend. We overrule point of error one.

 By point of error three, the appellants contend that "[t]he trial court erred in its
finding that Mark Burroughs, Kenneth Burroughs, ICP and [General] are subject to any additional
damages because article 1.14 [section] 8 does not provide for additional damages." Insurance
Code article 21.21, however, authorizes additional damages for knowing commission of unfair
or deceptive acts or practices in the business of insurance. Tex. Ins. Code Ann. art. 21-21,
§ 16(b)(1) (West Supp. 1999). The trial court expressly stated in its judgment that "Defendants
breached the insurance contract and knowingly violated article 21.21 of The Texas Insurance
Code." Because additional damages are authorized on the basis of Insurance Code article 21.21,
the appellants' objection based on Insurance Code article 1.14-1 does not require the reversal of
that award. We overrule point three.

 By point of error four, the appellants contend that the court erred by awarding
additional damages because no evidence showed that the Gallaghers were consumers. The statute
creating the right of recovery for false, misleading, or deceptive acts or practices in the business
of insurance does not require that the plaintiff be a consumer. See Tex. Ins. Code Ann. art. 21.21
(West Supp. 1999); Aetna Casualty & Sur. Co. v. Marshall, 724 S.W.2d 770, 772 (Tex. 1987). 
We overrule point four.

 By point of error two, the appellants contend there was no evidence showing that
ICP lacked authority to engage in the business of insurance when it sold the policy. The
appellants complain that there was accordingly no evidence that either Burroughs aided the
procurement of unauthorized insurance by selling ICP policies. We need not address these
complaints because we have found the award of damages, additional damages, and attorney's fees
stands on the complaint under Insurance Code article 21.21. See Tex. R. App. P. 47.1.


CONCLUSION


 We conclude that the evidence supported the trial court's conclusion that ICP had
in full force a policy that obligated it to defend the Gallaghers from Stephanie C.'s lawsuit. 
Because none of the assigned errors requires reversal, we affirm the judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: September 10, 1999

Do Not Publis