**ADMIRAL INSURANCE
CO., INC. Plaintiff,**

v.

**Christian BRIGGS, et al, Defendant.**

**No. CIV.A.3:02–CV–0310–N.**

United States District Court,
N.D. Texas,
Dallas Division.

March 31, 2003.

Tanya Bartucz, Steven T. Cottreau, Sidley Austin Brown & Wood, Washington, DC, Li Chen, Sidley Austin Brown & Wood, Dallas, TX, for Leo Hindrey.

Thomas A. Culpeprrer. Thompson Coe Cousins & Iron, Dallas, TX, for Munsch, Hardt, Kopf & Harr, P.C.

Jeffrey R. Erler, Michael K. Hurst, Godwin Gruber, Dallas, TX, Joseph J. Mastrogiovannii, Jr., Mastrogiovanni Schorsch & Mersky, Dallas, TX, Werner Anthony Powers, Haynes & Boone, Dallas, TX, for Selwyn Josset.

Brian A. Farlow, Rochelle Elrod Hutcheson, Dallas, TX, Michael S. Forshey, Donald E. Hill, Patton Boggs, Dallas, TX, for James W. Lincoln, II.

Geoffrey S. Harper, Fish & Richardson, Dallas, TX, for Robert Yaquinto, Jr.

Guy Michael Hohmann, Sarah Starnes, Hohmann Taube & Summers, Austin, TX, D. Ronald Reneker, Bush Craddock & Reneker, Dallas, TX, for Admiral Ins. Co., Inc.

Ben L. Krage, Krage & Janvey, Dallas, TX, Phillip W. Offill, Godwin Gruber, Dallas, TX, for Christian Briggs.

Kelly J. Kubasta, Sidley Austin Brown & Wood, Dallas, TX, for Richard Millman.

Lloyd E. Ward, Lloyd Ward & Assoc., P.C., Dallas, TX, for Bill Carroll.

## ORDER

GODBEY, District Judge.

Before the Court is Plaintiff Admiral Insurance Company's Motion for Partial Summary Judgment. For the reasons stated below, that motion is DENIED.

### I. FACTUAL BACKGROUND

The Defendant, Admiral Insurance Company, Inc. ("Admiral"), filed this declaratory action against several defendants seeking a declaration that the Management Liability Insurance Policy Number 6251421 (the "Policy") issued to Cool Partners, Inc. ("CPI") does not require Admiral to defend or indemnify CPI or its officers or directors in connection with various state lawsuits.[1] It seeks a Court determination regarding its defense and indemnity obligations under the Policy to Cool Partners, Inc. ("CPI") as well as a number of CPI current and former officers and directors in four underlying lawsuits.[2]

In its Motion for Partial Summary Judgment, Admiral is seeking judgment as a matter of law on two claims based on contract interpretation. First, Admiral argues that the CB Parkway case arises out of a lease contract and, therefore, falls under the Policy's contract exclusion provi-

1. Admiral seeks declaratory relief on several grounds. It alleges: (1) that various CPI officers made misrepresentations in portions of CPI's insurance application; (2) that CPI breached its obligation to cooperate with Admiral in connection with a lawsuit; (3) that certain CPI officers made additional misrepresentations on an insurance application to increase CPI's coverage; (4) that the allegations in the Rosenthal case are similar to allegations in two other cases for which CPI has sought indemnity, so the three suits should be treated as a single claim under the Policy for purposes of the policy limits; and (5) that the CB Parkway case should be ex-cluded from coverage because its subject matter falls within a Policy exclusion.

2. Three of the lawsuits, Barnidge, Fiorentino, and Rosenthal, were brought by CPI investors alleging CPI and its officers and directors mismanaged the company and/or defrauded investors. The fourth lawsuit, CB Parkway, was brought by CPI's former landlord for various claims including breach of contract and securities fraud. The landlord took CPI stock instead of cash for the first year's rent on the lease as well as the security deposit, and when the company filed bankruptcy, the stock became virtually worthless.

sion. Admiral claims it owes no duty to defend or indemnify CPI or its directors or officers in the case because the Policy contains an explicit coverage exclusion for cases that arise out of contracts. *See* Admiral App. pp. 18, 21–23. In addition, Admiral argues summary judgment is appropriate on its claim that the *Barnidge, Fiorentino,* and *Rosenthal* actions should be treated as one "claim" under the Policy. Admiral urges that the three actions are "Related Wrongful Acts" under the Policy because they allege very similar claims that arise out of the same series of facts, and they should, therefore, be treated as a single claim. *See* Admiral App. 20, 24. Because the Court finds that Admiral has not shown it is entitled to judgment as a matter of law that the *CB Parkway* case falls within the Policy's contract exclusion provision and that the three other cases should be treated as one "claim" under the policy, Admiral's Motion for Partial Summary Judgment is DENIED.

## II. Discussion

### A. *CB Parkway Issue*

■ When interpreting the language of insurance policies, Texas courts apply what is referred to as the "eight corners" rule. The court must look only to the four corners of the most recent underlying petition and the four corners of the insurance policy when determining an insurer's duty to defend the insured in the underlying case. *Harken Expl. Co. v. Sphere Drake Ins. P.L.C.,* 261 F.3d 466, 472 (5th Cir. 2001); *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex.1997). An insurance company's duty to defend is broader than the duty to indemnify; so if no duty to defend exists, no duty to indemnify exists. *Am.*

*Nat'l Ins. Co. v. Ryan,* 274 F.3d 319, 324 (5th Cir.2001).

■ In this case, Admiral urges that it has no duty to defend CPI and its officers and directors in the *CB Parkway* case because of the Policy's contract exclusion clause. The clause states that no coverage exists for claims "based upon, arising out of, directly or indirectly resulting from or in consequence of, or *in any way involving* any oral or written contract or agreement" unless "such liability would have attached to the Insured in the absence of the oral or written contract or agreement." *See* Admiral App. p. 23 (emphasis added). Admiral argues that the *CB Parkway* case *involves* a written contract, namely the lease for which CB Parkway agreed to take stock as payment, and therefore the case should be exempt from coverage under the contract exclusion provision. This argument fails for two reasons. First, Admiral's interpretation of this contract exclusion provision is overly broad. Its interpretation would exclude coverage under the Policy for all stock fraud claims because they all involve a contract for the sale of stock. Admiral itself does not contest coverage for the *Barnidge, Fiorentino,* and *Rosenthal* cases, all of which allege stock fraud. Admiral's interpretation of the contract exclusion provision would prevent coverage for misstatements by CPI's directors and officers, which are clearly covered under another provision the Policy.[3] Admiral's interpretation of the contract exclusion clause contradicts its own admissions and other provisions of the Policy. Because Admiral's interpretation of the contract exclusion provision of the Policy is overly broad, it fails.

■ Second, Admiral's interpretation of the contract provision fails under the doc-

---

3. *See* Admiral App. p. 18.

trine of *ejusdem generis* [4] because the phrase upon which Admiral is relying "in any way involving" must be interpreted to be part of the class or category that preceded it; therefore, the phrase "in any way involving" must be read in a manner consistent with the terms "based upon, arising out of, directly or indirectly resulting from or in consequence of" a contract—all terms indicating a causal relationship between the contract and the claim. The *CB Parkway* case is not based upon nor does it arise out of the lease contract. Rather, the *CB Parkway* complaint alleges that CP Parkway suffered harm when CPI and its officers and directors made alleged misstatements and misrepresentations regarding the future success of CPI in order to convince CP Parkway to accept CPI stock instead of cash for payment on the lease and security deposit. *See* Jossett's Response App. 69–70. The breach of CPI's lease is immaterial to the securities fraud claim because the alleged harm in the *CB Parkway* case occurred at the time the agreement to accept stock instead of cash was made. The lease contract did not cause the stock fraud claim, it simply provided the context in which the stock fraud took place. Accordingly, Admiral is not entitled to judgment as a matter of law that the Policy's contract exclusion clause applies to the *CB Parkway* case, and summary judgment on this claim is DENIED.

### B. Barnidge, Fiorentino, and Rosenthal Issue

■ The Court finds that Admiral cannot show as a matter of law the *Barnidge, Fiorentino*, and *Rosenthal* cases should be treated as a single "claim" under the Poli-

cy. The summary judgment record does not establish that all the claims involved in the three cases arise out of the same "Related Wrongful Acts", which the Policy defines as acts "logically or causally connected by reason of any common fact, circumstance, situation, transaction, casualty, event or decision." *See* Admiral App. p. 20. The lawsuits contain different alleged misstatements, omissions and promises that occurred on different days to different individuals. *See* Admiral App. p. 81, 99, 112. Because Admiral cannot show it is entitled to judgment as a matter of law that the *Barnidge, Fiorentino*, and *Rosenthal* cases should be treated as one single "claim" under the Policy, summary judgment is not appropriate for this claim.

### III. CONCLUSION

Ultimately, Admiral fails to show that its claims that the *CB Parkway* falls within the Policy's contract exclusion provision and that the *Barnidge, Fiorentino*, and *Rosenthal* cases should treated as one "claim" are appropriate for judgment as a matter of law. Accordingly, Admiral's Motion for Partial Summary Judgment is DENIED.

---

4. The doctrine of *ejusdem generis* is "a rule of contract construction that provides that, if words of a specific meaning are followed by general words, the general words are interpreted to mean only the class or category framed by the specific words." *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 325 (Tex.App.—Houston [1st Dist.] 1995, no writ).