Affirmed in part, Reversed and Remanded in part, and Majority and
Concurring Opinions filed August 26, 2004









Affirmed in part, Reversed and Remanded in part, and Majority and Concurring
Opinions filed August 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00740-CV

_______________

 

ALTIVIA CORPORATION, Appellant

 

V.

 

GREENWICH INSURANCE COMPANY,
Appellee

___________________________________________________________________

 

On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 02‑05067

___________________________________________________________________

 

C O N C U R R I N G   O
P I N I O N

The trial court concluded that Greenwich has no contractual
duty to defend or indemnify Altivia. On appeal, Altivia does not challenge
Greenwich=s refusal to indemnify for losses
sustained in connection with settlement of the underlying claim.[1]

 








The majority=s ruminations about Acontext@of Hidrogo=s pleadings are not consistent with
proper application of the Aeight corners@ rule.  In his
petition, Hidrogo alleges the following:

Defendant, by and through its agents, has slandered
and defamed plaintiff to other trucking companies which has prevented
him from obtaining other employment.

(emphasis
added)

 

In the underlying pleadings, there is no description of dates, times,
places, or specific persons who made the alleged defamatory statements.  Altivia suggests that we consider the
possibility that some of Altivia=s employees may have gossiped among
themselves regarding Hidrogo=s termination and driving record.  The majority appropriately refuses to
entertain Altivia=s suggested scenario. 
However, the majority entertains its own scenario.  After correctly concluding that there is no
duty to defend if the statements were made in response to routine employment
inquiries, the majority opines, Ato the extent the statements were
otherwise alleged to be made by Altivia=s authorized agents, such as to
subject Altivia to liability, and were false and malicious . . . they would
have allegedly been made by Altivia with knowledge of their falsity and thus
also outside the scope of coverage.@ 








I concur with the majority in finding no duty to defend under
the Comprehensive General Liability section of the policy but respectfully
disagree with their analysis.  My
colleagues do not sufficiently distinguish between the duty to indemnify and
the duty to defend.  See Utica Nat=l. Ins. Co. of Tex. v. Am. Indem. Co., 47 Tex. Sup. Ct. J. 845, 2004
WL 1535235, at *4 (Tex. July 9, 2004) (stating that having the duty to
defend does not necessarily mean that a carrier is obligated to indemnify the
insured).  Unlike the duty to indemnify,
whether there is a duty to defend does not depend upon the actual facts which
might support liability in the underlying lawsuit.  Trinity Universal Ins. Co. v. Cowan,
945 S.W.2d 819, 821B22 (Tex. 1997).  An
insurer=s duty to defend is determined by
allegations in the pleadings and the language of the insurance policy, commonly
expressed as the Aeight corners@ rule.  Nat=l Union Fire Ins. Co. of Pittsburg,
Pa. v. Merchs. Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997).  We may not read facts into the pleadings,
look outside the pleadings, or imagine factual scenarios that might trigger
coverage; however, if the underlying petition contains allegations
which, when fairly and reasonably construed, state a cause of action that is
potentially covered by the policy, then the insurer has a duty to defend.  Nat=l Union Fire Ins. Co., 939 S.W.2d at 142.  

The majority erroneously reads facts into the pleadings by
speculating about knowledge, intent, motive or authority of Altivia=s employees.  On the contrary, we may not consider
scenarios outside the plain language of Hidrogo=s pleadings in the underlying case.
Our focus should be only the text of factual allegations in the pleadings
that show origin of the claimed damage. 
The focus on origin of damages is consistent with the requirement that
there be a causal connection between conduct excluded from coverage and the
damages alleged by the underlying plaintiff. 
Waffle House, Inc. v. Travelers Indem. Co. of Ill. 114 S.W.3d
601, 608 (Tex. App.CFort Worth 2003, pet denied). 
Reading Hidrogo=s petition literally, without reference to the truth or
falsity of the allegation; the damages, if any, arise out of alleged defamatory
remarks to prospective employers. 
Applying the Aeight corners@ rule, I would conclude that defamatory communications to
other trucking companies without implying any other circumstance (for or
against coverage) alleges an Aemployment related practice . . . such as defamation@ as described in the Employment
Related Practices Exclusion.  Such conduct
as literally expressed in the underlying pleadings is excluded from
coverage.  Succinctly, the underlying
petition does not state a cause of action that is potentially covered by the
Comprehensive General Liability section of the policy.  Nat=l Union Fire Ins. Co., 939 S.W.2d at 142.  








Accordingly, I concur with the majority relative to
disposition of Altivia=s first issue and join the majority in reversing and
remanding on Altivia=s second issue.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Majority and
Concurring Opinions filed August 26, 2004.

 

Panel consists of Justices Fowler, Edelman, and Seymore.  (Edelman, J., majority.)

 

 











[1]           Accordingly,
I join the majority in limiting the court=s
analysis to the contractual duty to defend.