Affirmed and Majority and Dissenting Opinions filed February 14, 2008








Affirmed and
Majority and Dissenting Opinions filed
February 14, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00662-CV

____________

 

GENERAL STAR INDEMNITY COMPANY, Appellant

 

V.

 

GULF COAST MARINE ASSOCIATES, INC., Appellee

 



 

On Appeal from the 152nd
District Court

Harris County, Texas

Trial Court Cause No. 2003-06535A

 



 

D I S S E N T I N G   O P I N I O N

I respectfully disagree with the majority=s conclusion that General Star owed Gulf Coast a duty
to defend.  Specifically, I disagree with the majority=s conclusion that
the petition in the
underlying lawsuit alleges facts within the scope of coverage of the insurance
policy.








The majority is correct that in reviewing a petition under
an eight‑corners analysis, we resolve any doubt regarding coverage in
favor of the insured.  See Nat=l Union Fire Ins., Inc. v.
Merchs. Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997).  However,
this does not mean that we presume coverage in the absence of statements in the
petition creating or disavowing coverage.  To the contrary, if a pleading does
not allege facts that would create coverage under the policy, an insurer is not
legally required to defend the suit against its insured.  Id. at 141. 
Stated conversely, when a pleading only alleges facts excluded by the policy,
the insurer has no duty to defend.  Fid. & Guar. Ins. Underwriters, Inc.
v. McManus, 633 S.W.2d 787, 788 (Tex. 1982).  We will not read facts into
the pleadings or imagine factual scenarios in order to find covered claims.  Merchs.
Fast Motor Lines, Inc., 939 S.W.2d at 142. 

A fair reading of the Juniper petition reveals that no
claim is made for any asserted damage to the well stub or net protector.  All
references to damages in the petition occur in context of damage to the well
itself.  The facts section repeatedly alleges damage to the well: Athe mat of the
jackup rig . . . bent the well,@ Aremedial
operations were required, including installation of a caisson on the well,@ Athe Gulf Coast
mover was warned of potential damage to the well,@ Athe well stub
appeared to be leaning plus or minus 5_ to the southwest,
which was later confirmed to be the damage to the well described above,@ and Adamage to
Plaintiff=s well was already
sustained@ (emphasis added).  The causes of action section twice
claims damage to the wellCAthe PRIDE ARKANSAS
striking Plaintiff=s well@ and APlaintiff=s well required
repairs, restoration and remediation@Cbut makes no
mention of the well stub or net protector.  The damages section details
restoration expenses that were asserted earlier in the petition in connection
with damage to the well.  In reviewing the underlying pleadings, the court must focus on the
factual allegations that show the origin of the damages rather than the legal
theories alleged.  Merchs. Fast Motor Lines, Inc., 939 S.W.2d at
141.  Because
I do not read Juniper=s petition as factually alleging a claim
for damage to the well stub, I would reverse the trial court=s judgment and
render judgment in favor of General Star.

 

/s/      Leslie B. Yates

Justice

 

Judgment Affirmed
and Majority and Dissenting Opinions filed February 14, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman (Guzman, J., majority).