# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2011

No. 10-41131

Lyle W. Cayce
Clerk

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, ET AL,

Plaintiffs

v.

RADIOLOGY ASSOCIATES, L.L.P., ET AL,

Defendants

AMERICAN PHYSICIANS INSURANCE COMPANY,

Third Party Defendant - Appellant

v.

RADIOLOGY ASSOCIATES, L.L.P.,

Third Party Plaintiff - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-76

Before JONES, Chief Judge, and HIGGINBOTHAM and SOUTHWICK, Circuit
Judges.

PER CURIAM:[*]

---

[*] The court has determined under 5TH CIR. R. 47.5, that this opinion should not be published and is not precedent except under the circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41131

Radiology Associates filed a declaratory judgment action against American Physicians Insurance Company, claiming it had a duty to defend Radiology Associates against claims stemming from an employee's sexual misconduct. The district court granted summary judgment in favor of Radiology Associates. Because the claims alleged against Radiology Associates are excluded from coverage under the policy, we REVERSE.

## STATEMENT OF FACTS

Radiology Associates and its former employee, Brian K. Riley, were sued in Texas state court by Marie and Daniel Pecore, who alleged that Riley sexually assaulted Marie Pecore when he performed an unauthorized vaginal examination at Radiology Associates' facility. The Pecores specifically alleged that Radiology Associates negligently failed to provide a chaperone during the examination, failed to post notices informing patients of the right to a chaperone, and failed to monitor its employees properly. Upon receipt of the Pecores' complaint, Radiology Associates requested a defense from its professional liability insurer, American Physicians Insurance Company ("American Physicians"), as well as its standard and umbrella insurers. All three insurers refused to defend.

Radiology Associates subsequently filed a third-party complaint against American Physicians, seeking a declaratory judgment and alleging a breach of contract claim for refusing to defend.

Radiology Associates' policy with American Physicians ("the Policy") provided coverage for claims resulting "from professional services which you provided or which you should have provided to your patients . . . ." The Policy listed exclusions for certain claims. The relevant exclusions are as follows:

> (2) Exclusion for sexual misconduct. We will not cover any claims made against you, whether the injury or damage itself was intended or not, which arises out of any sexual act.

2

No. 10-41131

(3) Exclusion for violation of law. We will not cover any claims against you, whether the injury or damage was intended or not, which arises out of an act or omission in violation of the penal code or criminal statutes in the jurisdiction in which the act occurred.
. . .
(14) Exclusion for intentional acts. We will not cover any claims made against you for any injury or damage, whether the injury or damage itself was intended or not, which in whole or in part, arises out of an intentional tort.

The district court held it to be unclear whether any of these exclusions applied to Riley's actions as described in the complaint. Accordingly, American Physicians had a duty to defend. American Physicians timely appealed.

DISCUSSION

This court reviews a grant of summary judgment *de novo*. *Gonzalez v. Denning*, 394 F.3d 388, 391 (5th Cir. 2004). Interpretation of an insurance contract is a question of law that we also review *de novo*. *Principal Health Care of La., Inc. v. Lewer Agency, Inc.*, 38 F.3d 240, 242 (5th Cir. 1994). Jurisdiction in this case is founded on diversity; accordingly, Texas rules of contract interpretation control. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins.*, 99 F.3d 695, 700 (5th Cir. 1996). "Under Texas law, the interpretation of insurance contracts is governed by the same rules that apply to contracts generally." *Id.* (citation omitted). The policy is viewed in its entirety, with a goal of discerning the parties' intent at the time of the contract. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (citations omitted).

"Although the insured bears the burden of showing that the claim against it is potentially within the policy's coverage, the insurer bears the burden of establishing that an exclusion in the policy constitutes an avoidance of or affirmative defense to coverage." *Canutillo*, 99 F.3d at 701 (citations omitted). If an insurer successfully asserts an exclusion, "the burden shifts back to the insured to show that an exception to the exclusion brings the claim" back within

No. 10-41131

the scope of coverage. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001) (citations omitted).

American Physicians contends that the district court erred when it held that American Physicians had a duty to defend Radiology Associates in the *Pecore* lawsuit. The Texas "eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from terms of the policy and the pleadings of the third-party claimant. Resort to evidence outside the four corners of these two documents is generally prohibited." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Nat'l Union Fire Ins. Co. v. Merchants*, 939 S.W.2d 139, 141 (Tex. 1997) (citations omitted). When reviewing a complaint, "the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." *Id.* (quotation marks and citation omitted). The duty to defend arises only when the facts in the complaint, "if taken as true, *potentially* state a cause of action within the terms of the policy." *Gulf Chem. & Metallurgical Corp. v. Assoc. Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir. 1993) (applying Texas law) (quotation marks and citation omitted).

The district court reasoned that the facts alleged by the Pecores potentially stated a claim for negligence because Riley may have negligently thought he was entitled to administer a vaginal exam, or that in the course of performing the authorized ultrasound, he negligently and inappropriately touched Pecore. The district court concluded that because it was unclear whether the alleged facts fit into an exclusion, American Physicians had a duty to defend. The complaint, though, makes no allegation that Riley may have negligently believed his actions were authorized. A court should not "imagine factual scenarios which might

4

trigger coverage." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008) (quotation marks and citation omitted).

Because the court may consider only the facts as set out in the complaint to determine the duty to defend, the question is whether the Pecore complaint potentially states a claim within the scope of coverage triggering American Physicians' duty to defend. The complaint described Riley's conduct as "a sexual assault" and also alleged that the acts of Riley were an intentional tort. This court must focus, though, on the facts asserted, not the legal theories presented. *Merchants*, 939 S.W.2d at 141. Based on the actual facts in the complaint, Riley's conduct constituted unauthorized sexual conduct. His acts were sexual in nature and not authorized by Pecore's treating physician.

Riley was not an insured party under the Policy. Therefore, any coverage issues relate solely to the claims against Radiology Associates. Because the Policy excludes injury or damage that "arises out of any sexual act," we now must decide whether the claims against Radiology Associates arose out of Riley's excluded actions. The Texas Supreme Court "has held that 'arise out of' means that there is simply a 'causal connection or relation,' which is interpreted to mean that there is but for causation, though not necessarily direct or proximate causation." *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004) (citations omitted). Likewise, in applying Texas law, we have held that "when an exclusion prevents coverage for injuries 'arising out of' particular conduct, '[a] claim need only bear an *incidental relationship* to the described conduct for the exclusion to apply.'" *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 (5th Cir. 2003) (citations omitted).

The Pecore complaint alleges that Radiology Associates negligently failed to provide a chaperone, failed to post notices informing patients of the right to a chaperone, and failed to monitor its employees properly. These claims "arise

No. 10-41131

out of" Riley's unauthorized sexual conduct. But for Riley's improper conduct, Pecore would have no claims against Radiology Associates.

Radiology Associates urges that in analyzing the duty to defend, this court must interpret the allegations in the complaint from the standpoint of the insured. In other words, because Radiology Associates is the insured, we should focus on its alleged acts or omissions and not Riley's. Radiology Associates reasons that because the complaint does not allege that Radiology Associates committed sexual misconduct, an intentional tort, or violated a criminal code, American Physicians must defend it against the lawsuit.

The cases Radiology Associates relies on to support its "standpoint of the insured" argument are inapposite. *See King v. Dall. Fire Ins. Co.*, 85 S.W.3d 185, 188 (Tex. 2002); *Roman Catholic Diocese of Dall. v. Interstate Fire & Cas. Co.*, 133 S.W.3d 887, 890 (Tex. App.–Dallas 2004, pet. denied); *Acceptance Ins. Co. v. Lifecare Corp.*, 89 S.W.3d 773, 777 (Tex. App.–Corpus Christi 2002, no pet.). Those cases analyzed whether there had been a policy "occurrence," not whether an exclusion applied. Radiology Associates has not cited, nor have we found, a Texas case extending this "standpoint of the insured" position to the application of exclusions. Instead, the Texas Supreme Court has made clear that the use of the insured's perspective is limited to defining occurrences. *See King*, 85 S.W.3d at 191-92.

Even though the Pecore complaint alleges Radiology Associates was negligent, those claims all arise out of Riley's excluded conduct, therefore falling outside the policy coverage and relieving American Physicians of its duty to defend. The judgment of the district court is REVERSED and RENDERED.